**The Cardoza Law Corporation**
Michael F. Cardoza, Esq. (SBN: 194065)
Mike.Cardoza@cardozalawcorp.com
Lauren B. Veggian, Esq. (SBN: 309929)
Lauren.Veggian@cardozalawcorp.com
548 Market St. #80594
San Francisco, CA 94104
Telephone:  (415) 488-8041
Facsimile:   (415) 651-9700

*Attorneys for Plaintiff*,
Be Ho

# UNITED STATES DISTRICT COURT
# FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BE HO** | Case No.: _____ |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| v. | **DEMAND FOR JURY TRIAL** |
| **DIRECT RECOVERY SERVICES, LLC, UNITED HOLDING GROUP, LLC F/K/A JTM CAPITAL MANAGEMENT, LLC;** | |
| Defendantss | |

///
///
///
///

**COMPLAINT FOR DAMAGES**

## INTRODUCTION

1. This is a case about a debt collector who has repeatedly called and texted a consumer, misrepresented the company who placed the debt with the debt collector, tried to collect the debt when they knew the consumer was represented by an attorney, and contacted the consumer's family members with information about the debt.

2. **BE HO** ("Plaintiff"), by Plaintiff's attorney, brings this action for actual damages, statutory damages, punitive damages, injunctive relief, restitution, attorneys fees, and costs, against **DIRECT RECOVERY SERVICES, LLC** and **UNITED HOLDING GROUP, LLC f/k/a JTM CAPITAL MANAGEMENT, LLC** for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 et seq. (hereinafter "RFDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to the Plaintiff, or to the Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. All violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

6. Unless otherwise indicated, the use of a Defendants' name in this Complaint includes all agents, principles, managing agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of those Defendants named.

///

## JURISDICTION AND VENUE

7. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States, and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

8. This action arises out of Defendants' violations Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 et seq. (hereinafter "RFDCPA").

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the acts and transactions occurred here, Plaintiff resides here, and Defendants transacts business here.

## FDCPA AND RFDCPA

10. In enacting the FDCPA, Congress found that:
    a. There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.
    b. Existing laws and procedures for redressing these injuries are inadequate to protect consumers.
    c. Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.
    d. Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.
    e. It is the purpose of this title to eliminate abusive debt collection practice by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect Consumers against debt collection abuses.  15 U.S.C. § 1692.

11. Similarly, when enacting the RFDCPA, the California Legislature found that: The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. Cal. Civil Code § 1788.1(a)(1).

12. The FDCPA and the RFDCPA are both strict liability statutes. That is, a plaintiff need not prove intent or knowledge on the part of the debt collector to establish liability. *See Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1060-61 (9th Cir. 2011); *Donohue v. Quick Collect*, 592 F.3d 1027, 1030 ("[t]he FDCPA is a strict liability statute that makes debt collectors liable for violations that are not knowing or intentional").

13. To further protect consumers, claims under the FDCPA and RFDCPA are to be judged according to the "least sophisticated debtor" or "least sophisticated consumer" standard. *Gonzales* at 1061. This standard is lower than the "reasonable debtor" standard, and is specifically designed to protect consumers of below average and sophistication or intelligence. *Id.* In addition, a plaintiff need not even have actually been misled or deceived by the debt collector's communication. Rather, liability depends on whether the *hypothetical* least sophisticated debtor – someone who is uninformed and naïve – would have likely been misled. *Id.*; *see also Tourgeman v. Collins Financial Servs.*, 755 F.3d 1109, 1119 (9th Cir. 2014).

**PARTIES**

14. Plaintiff is a natural person who resides in the County of San Joaquin, State of California. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and "Debtor" as that term is defined by California Civil Code § 1788.2(h).

15. Defendant Direct Recovery Services, LLC (hereinafter "Defendants DRS") is a Minnesota corporation operating from an address of 115 Waterfront Drive, Two

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

Harbors, MN 55616, and is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692a(6) and Cal. Civ. Code § 1788.2(c) because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts that it did not originate. It operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of California. Its principal, if not sole, business purpose is the collection of defaulted consumer debts originated by others, and, in fact was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

16. Defendant United Holding Group, LLC f/k/a JTM Capital Management, LLC ("Defendant UHG") is a New York corporation operating from an address of 6400 Sheridan Drive, Suite 138, Williamsville, NY 14221, and is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692a(6) and Cal. Civ. Code § 1788.2(c) because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts that it did not originate. It operates a nationwide debt buying and collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of California. Its principal, if not sole, business purpose is the collection of defaulted consumer debts originated by others, and, in fact was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff. Defendant JTM is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies.

17. Defendant DRS is the agent of Defendant UHG.

18. This case involves money due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

19. Plaintiff is informed and believes, and thereon allege that at all times herein mentioned Named Defendants were agents, officers, directors, managing agents, employee and/or joint venturer of each of their co-defendants and, in doing the things hereafter mentioned, each was acting in the scope of his authority as such agent, officer, director, managing agent, employee, and/or joint venturer, and with the permission, knowledge, ratification, and consent of their co-defendants, and each of them. Any reference hereafter to "Defendants" without further qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

### FACTUAL ALLEGATIONS

20. Plaintiff is an individual residing in the County of San Joaquin in the State of California.

21. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendants conducted and continue to conduct business in the State of California.

22. Defendant UHG's business consists primarily and/or solely of the acquisition and collection of delinquent consumer debts.

23. Defendant DRS's business consists primarily and/or solely of the collection of delinquent consumer debts.

24. On or about March 7, 2019, Plaintiff received a text message from Defendants which stated, "Important private notice. BE HO call [phone number] or [website] use [user ID] and [Password] Respond stop to unsubscri (sic)." (Phone number, website, user ID and Password have not been included so as not to compromise Plaintiff's personal financial information.)

25. There was no information in the text message regarding who the text was from or why the text was being sent.

26. On or about March 7, 2019, Plaintiff's sister received the exact same text, with all of the same "login" information.

27. Upon "logging in" using the credentials sent by Defendants, Plaintiff discovered that anyone who had been provided with the "login" information would be able to see the agency number, debt issuer, issuer number, and current balance – i.e. the personal financial information of Plaintiff.

28. Also on March 7, 2019, Plaintiff called Defendants to determine who they were and why they were contacting him about this alleged debt. When Plaintiff called, Defendants did not inform him on the phone that Defendants was a debt collector, and that it was making an attempt to collect a debt.

29. Defendants informed Plaintiff on the first March 7, 2019 phone call that the debt was placed with them that morning and that Defendants had been trying to reach Plaintiff but had no luck.

30. Plaintiff informed Defendants that the original account is being handled by his attorney, and requested that Defendants remove all phone numbers except for his from the file they had.

31. Defendants responded by stating it would remove all phone numbers except Plaintiff's, noted that Plaintiff had no intention of paying off the account, and noted that Plaintiff had an attorney. Defendants did not request the attorney's contact information. Defendants's representative, Ms. Dilworth, also stated "I don't know why you don't just pay it off and be done with it."

32. Later on March 7, 2019, Plaintiff called Defendants back to get more information, and was informed that the account was owned by United Holdings – which is either a division of or new name for JTM Capital Management. Halfway through this phone call, Defendants's representative "Mr. Thompson" made a statement to the effect of "let me protect myself here, this is an attempt to collect a debt."

33. Following this phone call, Defendants's representative "Mr. Thompson" sent Plaintiff an email which included a "placement letter" stating that The Bank of Missouri (original creditor) – not JTM Capital Management/United Holdings – had authorized Defendants to collect the alleged debt.

34. On March 12, 2019, Plaintiff called Defendants again to request more information as to what phone numbers Defendants had texted the "login" information to, and Defendants refused to provide that information. Plaintiff's concern was that his personal financial information was easily accessed by anyone who had received Defendants' text.

35. Plaintiff was able to confirm his own phone number and his sister's phone number, but Defendants refused to provide any additional information.

36. Plaintiff and his sister have never had any accounts of any kind linked together, nor have they ever had a shared phone account.

37. When Defendants call and/or text Plaintiff, they do not always state that they are debt collectors.

## ACTUAL DAMAGES

38. Plaintiff has suffered actual damages as a result of these illegal collection and intimidation tactics by this Defendants in the form of, invasion of privacy, personal embarrassment, loss of personal reputation, loss of productive time, nausea, and feelings of fear, anxiety, hopelessness, anger, persecution, emotional distress, frustration, upset, humiliation, and embarrassment, amongst other negative emotions.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

## COUNT I

## VIOLATION OF § 1692C OF THE FDCPA

39. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40. A debt collector violates §1692c of the FDCPA when it communicates with any person other than the consumer except for the purpose of acquiring location information regarding the consumer.

41. Defendants violated §1692c(b) when they, among other qualifying actions and omissions, willfully contacted Plaintiff's sister via text message, and provided

Plaintiff's sister with login information that exposed the personal financial information of Plaintiff regarding the alleged debt. Defendants did not contact Plaintiff's sister for location information.

## COUNT II

### VIOLATION OF § 1692D OF THE FDCPA

42. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

43. A debt collector violates § 1692d of the FDCPA when it engages in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

44. Defendants violated § 1692d when it, among other qualifying actions and omissions, willfully annoyed, abused, harassed Plaintiff, and contacted Plaintiff via text message without meaningful disclosure of Defendants' identity, and told Plaintiff on the phone, "I don't know why you don't just pay it off and be done with it."

45. Defendants violated § 1692d(6) when it, among other qualifying actions and omissions, willfully failed to identify that it was a debt collector in the text message it sent to Plaintiff as well as during the March 7, 2019 phone calls with Plaintiff.

## COUNT III

### VIOLATION OF § 1692E OF THE FDCPA

46. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

47. A debt collector violates § 1692e of the FDCPA when it uses any false, deceptive, or misleading representation or means in connection with the collection of any debt.

48. Defendants violated § 1692e when it, among other qualifying actions and omissions, willfully misrepresented the company who placed the debt with

Defendants for collection, to wit: that the original creditor, The Bank of Missouri, had placed the account for collection with Defendants, instead of the current owner, United Holding Group, LLC f/k/a JTM Capital Management, LLC.

49. Defendants violated §1692e(11) when it failed in the initial written/oral communication – the text message to Plaintiff on March 7, 2019 and/or the phone call on March 7, 2019 – to state that Defendants are debt collectors attempting to collect a debt, and any information gained would be for that purpose.

## COUNT IV

### VIOLATION OF § 1692G OF THE FDCPA

50. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

51. A debt collector violates § 1692g of the FDCPA when it fails, within five days after the initial communication with a consumer, to send certain notice to the consumer.

52. Defendants violated § 1692g when it, among other qualifying actions and omissions, willfully and without justification, failed within five days of initially contacting Plaintiff to send him the notices required by § 1692g(a).

## COUNT V

### VIOLATION OF § 1788.11(B) OF THE RFDCPA

53. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

54. A Defendants violates § 1788.11(b) of the RFDCPA when it places telephone calls without disclosure of the caller's identity.

55. Defendants violated § 1788.11(b) of the RFDCPA when it willfully text messaged Plaintiff without meaningful disclosure of the caller's identity.

///
///
///

## COUNT VI

## VIOLATION OF § 1788.12(B) OF THE RFDCPA

56. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

57. A Defendants violates § 1788.12(b) of the RFDCPA when it communicated information regarding a consumer debt to any member of the debtor's family other than the debtor's spouse, except where the purpose is to locate the debtor.

58. Defendants violated § 1788.12(b) of the RFDCPA when Defendants willfully texted Plaintiff's sister the same "login" information it texted Plaintiff, thus providing Plaintiff's sister access to information regarding Plaintiff's alleged consumer debt – i.e. the personal financial information of Plaintiff.

## COUNT VII

## VIOLATION OF § 1812.700 OF THE RFDCPA

59. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

60. A Defendants violates § 1812.700 of the RFDCPA when it fails to provide the notice contained in this section to an alleged debtor along with the first written notice initially addressed to a California address of the alleged debtor in connection with collecting the debt by a third-party debt collector.

61. Defendants violated §1812.700 of the RFDCPA when it texted Plaintiff on March 7, 2019, and did not provide the notice required by this section in such initial written communication.

62. Defendants violated §1812.700 of the RFDCPA when it emailed a placement letter to Plaintiff on March 12, 2019, and did not provide the notice required by this section in such initial written communication.

## COUNT VIII

## VIOLATION OF § 1788.17 OF THE RFDCPA

63. Plaintiff incorporates by reference all of the above paragraphs of this Complaint

as though fully stated herein.

64. A Defendants violates § 1788.17 of the RFDCPA when it fails to comply with the provisions of 15 U.S.C. § 1692b to 1692j, inclusive.

Defendantss violated § 1788.17 of the RFDCPA when they willfully engaged in conduct, the natural consequence of which the violation of 15 U.S.C. § 1692c, § 1692d, § 1692e, and § 1692g.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendants for:

   a) Award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) (FDCPA) and pursuant to Cal. Civ. Code § 1788.30 (RFDCPA), against Defendants and for Plaintiff, and,

   b) Award of statutory damages in the amount of $1000.00 pursuant to 15 U.S.C. § 1692k(a)(1) (FDCPA) against Defendants and for Plaintiff, and,

   c) Award of statutory damages in the amount of $1000.00 pursuant to Cal. Civ. Code § 1788.30 (RFDCPA) against Defendants and for Plaintiff, and,

   d) Award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(1) (FDCPA) and pursuant to Cal. Civ. Code § 1788.30 (RFDCPA), against Defendants and for Plaintiff, and,

   e) Award to Plaintiff of such other and further relief as may be just and proper.

## TRIAL BY JURY IS DEMANDED.

65. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

DATED: May 10, 2019

THE CARDOZA LAW CORPORATION
BY: /s/ LAUREN B. VEGGIAN
MICHAEL F. CARDOZA, ESQ.
LAUREN B. VEGGIAN, ESQ.
ATTORNEY FOR PLAINTIFF,
BE HO